IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AMIN MOHAMMAD

    **Petitioner,**

v.               **CIVIL ACTION NO. 2:10cv13**
                  **(Judge Maxwell)**

**JOEL ZIEGLER, Warden,**

    **Respondent.**

**REPORT AND RECOMMENDATION**

**I. BACKGROUND**

On February 4, 2010, the *pro se* petitioner, an inmate at FCI Morgantown, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241, in which he seeks an order directing the Bureau of Prisons ("BOP") to remove from his record all of the charges and sanctions resulting from an Incident report. On February 5, 2010, the petitioner paid the required $5.00 filing fee. By Order entered February 8, 2010, the court directed the respondent to show cause why the petition should not be granted. On April 8, 2010, the respondent filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. On April 9, 2010, a Roseboro Notice was issued. As of the date of the Report and Recommendation, the petitioner has made no response.

**II. FACTS**

The petitioner is a federal inmate committed to the BOP serving a twenty seven (27) month sentenced followed by a three (3) year term of supervised release for Conspiracy to Possess with Intent to Distribute Pseudoephedrine in violation of 21 U.S.C. §§ 846, 841(A)(1) and (C)(2).

1

(Dckt. 17-1, p.4). The petitioner's projected release date is July 16, 2010 via Good Conduct Time Release. (Dckt. 17-1, p. 3.

On August 1, 2008, the petition arrived at FCI Morgantown. On July 26, 2009, the petitioner received Incident Report 1897326 for (1) Refusing to Obey an Order of Any Staff Member, and (2) Unauthorized Physical Contact in Violation of Bureau of Prison Disciplinary Codes 307 and 409, respectively.(Dckt. 17-1, p. 9). On August 26, 2009, the Regional Discipline Hearing Officer ("DHO") conducted a discipline hearing and found the petitioner guilty of violating BOP Disciplinary Codes 307 and 409. (Dckt. 17-1, p. 8). The DHO sanctioned the petitioner with a Total of 90 days Loss of Visiting Privileges.

### III. **CONTENTIONS OF THE PARTIES**

The petitioner alleges that when he appeared before the DHO on August 26, 2009 he requested that a witness be present during his disciplinary hearing. The petitioner further alleges that the DHO denied him access to the requested witness. In his Motion to Dismiss, or in the Alternative, for Summary Judgment, the respondent notes that on April 6, 2010, the DHO reviewed Incident Report 1897326 at the request of legal staff in the Mid-Atlantic Regional Counsel's Office. Upon review, the DHO determined that there were inconsistencies regarding the petitioner's request for a witness at the hearing. Because there was no documentation regarding denial of the requested witness in the file, the DHO was unable to determine whether there was valid reason for the requested witness not being at the hearing. Moreover, the requested witness is no longer designed to FCI Morgantown, which makes a rehearing difficult. Therefore, the DHO expunged Incident Report 1897326 in it entirety. As a result, the sanctions the petitioner received in connection with the incident report were removed as well. (Dckt. 17-, pp. 1-2). Accordingly, the respondent argues that the petition should be dismissed as moot.

## IV. **DISCUSSION**

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

Here, the BOP reexamined the petitioner's disciplinary packet for Incident Report 1897326. That reexamination revealed that the petitioner had requested a witness, but that he did not have a witness at the hearing. Because there was no documentation explaining why the witness did not testify at the hearing, the DHO, who conducted the hearing, determined that it would be appropriate to expunge the Incident Report in its entirety. Therefore, the petitioner has received the precise relief that he requested in his petition, and there is no longer any relief for this Court to award. Therefore, this case is now moot.

## VI. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that respondent's Motion to Dismiss, or in the Alternative, for Summary Judgement (Doc. 16) be **GRANTED**, and the petitioner's §2241 petition be **DISMISSED AS MOOT.**

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in

waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to prove a copy to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June 1, 2010

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE
JUDGE